<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |  |
|---|---|---|
| T.H., | : | **Civil Action No. 24-11300 (SRC)** |
| | : | |
| Plaintiff, | : | |
| | : | **OPINION** |
| v. | : | |
| | : | |
| COMMISSIONER OF | : | |
| SOCIAL SECURITY, | : | |
| Defendant. | : | |
| | : | |
| | : | |

**<u>CHESLER, District Judge</u>**

This matter comes before the Court on the appeal by Plaintiff T.H. ("Plaintiff") of the final decision of the Commissioner of Social Security ("Commissioner") determining that he was not disabled under the Social Security Act (the "Act"). This Court exercises jurisdiction pursuant to 42 U.S.C. § 405(g) and, having considered the submissions of the parties without oral argument, pursuant to L. CIV. R. 9.1(b), finds that the Commissioner's decision will be affirmed.

In brief, this appeal arises from Plaintiff's application for disability insurance benefits, alleging disability beginning July 31, 2022. A hearing was held before ALJ Asad Ba-Yunus (the "ALJ") on January 22, 2024, and the ALJ issued an unfavorable decision on March 5, 2024. Plaintiff sought review of the decision from the Appeals Council. After the Appeals Council denied Plaintiff's request for review, the ALJ's decision became the Commissioner's final decision, and Plaintiff filed this appeal.

1

In the decision of March 5, 2024, the ALJ found that, at step three, Plaintiff did not meet or equal any of the Listings.  At step four, the ALJ found that Plaintiff retained the residual functional capacity to perform the full range of work at all exertional levels, with certain nonexertional limitations.  At step four, the ALJ also found that Plaintiff was unable to perform any past relevant work.  At step five, the ALJ determined, based on the testimony of a vocational expert, that there are jobs existing in significant numbers in the national economy which the claimant can perform, consistent with his medical impairments, age, education, past work experience, and residual functional capacity.  The ALJ concluded that Plaintiff had not been disabled within the meaning of the Act.

Plaintiff makes two arguments on appeal: 1) the ALJ's decision at step three is not supported by substantial evidence; and 2) at step four, the residual functional capacity ("RFC") determination is not supported by substantial evidence.

Plaintiff's case on appeal suffers from two principal defects: 1) its failure to deal with the issue of the burden of proof at the first four steps of the sequential evaluation process; and 2) its failure to deal with the harmless error doctrine.  As to the burden of proof, Plaintiff bears the burden in the first four steps of the analysis of demonstrating how his impairments, whether individually or in combination, amount to a qualifying disability.  Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987).

As to the harmless error doctrine, the Supreme Court explained its operation in a similar procedural context in Shinseki v. Sanders, 556 U.S. 396, 409 (2009), which concerned review of a governmental agency determination.  The Court stated: "the burden of showing that an error is harmful normally falls upon the party attacking the agency's determination."  Id.  In such a case,

2

"the claimant has the 'burden' of showing that an error was harmful." Id. at 410.

Plaintiff thus bears the burden, on appeal, of showing not merely that the Commissioner erred, but also that the error was harmful. At the first four steps, this requires that Plaintiff also show that, but for the error, she might have proven her disability. In other words, when appealing a decision at the first four steps, if Plaintiff cannot articulate the basis for a decision in her favor, based on the existing record, she is quite unlikely to show that an error was harmful.

The core of the dispute in the instant case concerns the question of whether Plaintiff's nonexertional limitations to his residual functional capacity rise to a disabling level. In short, the evidence of record contains many pieces of evidence related to nonexertional difficulties, and much of the argument in Plaintiff's brief involves pointing out the evidence which could support a determination that Plaintiff cannot work. The reviewing court, however, does not re-weigh the evidence. The Third Circuit has held:

> A federal court's substantial-evidence review is "quite limited." Rutherford v. Barnhart, 399 F.3d 546, 552 (3d Cir. 2005). A court may not weigh the evidence or substitute its own findings for the Commissioner's. Monsour Med. Ctr. v. Heckler, 806 F.2d 1185, 1190-91 (3d Cir. 1986). [Plaintiff's] arguments amount to a request to reweigh the evidence and review the Commissioner's findings and decision de novo.

Davern v. Comm'r of Soc. Sec., 660 Fed. Appx. 169, 173-74 (3d Cir. 2016). See also Williams v. Sullivan, 970 F.2d 1178, 1182 (3d Cir. 1992) ("Neither the district court nor this court is empowered to weigh the evidence or substitute its conclusions for those of the fact-finder.") In the instant case, Plaintiff essentially asks this Court to review the step four determination de novo and to reweigh the evidence, which it may not do. This Court is authorized only to review the decision under the substantial evidence standard. 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be

3

conclusive.")  Plaintiff has done no more here than offer attorney argument that this Court should re-weigh the evidence related to nonexertional difficulties and substitute its findings for the Commissioner's.  "Courts are not permitted to re-weigh the evidence or impose their own factual determinations."  Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 359 (3d Cir. 2011).

Plaintiff's first challenge to the residual functional capacity determination at step four asserts inconsistencies between the ALJ's analysis of mental impairments at step three and the analysis of nonexertional limitations at step four.  As the Commissioner points out in opposition, the Third Circuit rejected this kind of challenge in Hess v. Comm'r Soc. Sec., 931 F.3d 198, 209 (3d Cir. 2019) (citations omitted):

> It is true, as the government contends, that no incantations are required at steps four and five simply because a particular finding has been made at steps two and three. Those portions of the disability analysis serve distinct purposes and may be expressed in different ways. When mental health is at issue, the functional limitation categories are "used to rate the severity of mental impairment(s)[.]" SSR 96-8p.  While obviously related to the limitation findings, the RFC is a determination of "the most [a claimant] can still do despite [his] limitations" "based on all the relevant evidence in [the] case record."  It "requires a more detailed assessment [of the areas of functional limitation] by itemizing various functions contained in the broad [functional limitation] categories[.]"  And, unlike the findings at steps two and three, the RFC "must be expressed in terms of work-related functions[,]" such as by describing the claimant's "abilities to: understand, carry out, and remember instructions; use judgment in making work-related decisions; respond appropriately to supervision, co-workers and work situations; and deal with changes in a routine work setting."  In short, the findings at steps two and three will not necessarily translate to the language used at steps four and five.

Pursuant to Hess, the analyses of mental impairments at step three and step four are different, and it is not error when there are differences in the findings.

Plaintiff next argues that, at step four, the ALJ erred by failing to consider whether Plaintiff was disabled for a 12-month period, but the discussion that follows goes off in different

4

directions. Plaintiff's brief makes no cognizable point about any issue involving the 12-month period that is relevant to the disability determination. In the discussion that follows, Plaintiff points out that, in addition to the evidence that Plaintiff worked six hours a day for his father, there is other evidence that Plaintiff was unable to sustain a 15-minute work period. (Pl.'s Br. at 21.) As already stated, this Court does not re-weigh the evidence. Plaintiff expressly acknowledges the evidence of record that Plaintiff at some time worked six hours a day for his father. (Pl.'s Br. at 21-22.) The ALJ's factual conclusion that Plaintiff at some time worked six hours a day for his father is supported by this substantial evidence, and the Court will not reweigh the evidence.

Plaintiff next argues that the ALJ failed to properly consider Plaintiff's subjective complaints. Plaintiff's brief, however, does not reference the long paragraph discussing the subject on page 38 of the ALJ's decision. In that paragraph, the ALJ explained the basis for the conclusion that the claimant's statements about the limiting effects of his symptoms were inconsistent with the evidence of record. Plaintiff's brief thus does not provide a basis to conclude that the ALJ erred in his determination that Plaintiff's statements about the limiting effects of his symptoms were inconsistent with the evidence of record.

Plaintiff next argues that, at step four, the ALJ did not comply with the requirements for articulation of the persuasiveness of various medical source opinions, as stated in 20 C.F.R. § 404.1520c ("We will articulate in our determination or decision how persuasive we find all of the medical opinions and all of the prior administrative medical findings in your case record.") As the Commissioner points out in opposition, 20 C.F.R. § 404.1520c(b)(2) requires only an explanation of the supportability and consistency factors. As the Commissioner also points out,

5

the Third Circuit addressed this exact issue in <u>Zaborowski v. Comm'r of Soc. Sec.</u>, 115 F.4th

637, 639 (3d Cir. 2024):

> Zaborowski objects that the administrative judge did not articulate how
> supportable and consistent the various doctors' opinions were.  Not so.  To satisfy
> this requirement, a judge need not reiterate the magic words "support" and
> "consistent" for each doctor.  And the administrative judge did weave
> supportability and consistency throughout her analysis of which doctors were
> persuasive.

This Court has reviewed the ALJ's explanations of the persuasiveness of the opinions of

Christopher Williamson, Cheryl Sanford, Janice Calderon, and M. Dabney.  The ALJ clearly

explained the basis for his assessment of the persuasiveness of the opinions of three of these four

sources, in compliance with <u>Zaborowski</u>.  As to Dr. Williamson, there is room for debate about

whether the ALJ's explanation passes muster under <u>Zaborowski</u>, but this Court nonetheless finds

that, as in <u>Zaborowski</u>, "the administrative judge did weave supportability and consistency

throughout her analysis of which doctors were persuasive."  <u>Id.</u>  Furthermore, the ALJ appears to

have found the opinions of Drs. Sanford and Calderon most persuasive, and those opinions

constitute substantial evidence supporting the RFC determination.  To the extent that the ALJ

may have erred in the sufficiency of the explanation about the low persuasiveness of the opinion

of Dr. Williamson, Plaintiff has not demonstrated that he was prejudiced by any potential error.

Last, Plaintiff argues that the record contains sufficient evidence to support summary

judgment in his favor.  Here, Plaintiff appears to have left the law behind, offering no authority

for the proposition that the summary judgment standard or procedure play any role whatever in

judicial review of the Commissioner's decision under § 405(g).  On appeal, Plaintiff does not

win reversal by pointing to *some* evidence to support a finding of disability.  Instead, § 405(g)

requires that the reviewing court examine whether the Commissioner's determination is

6

supported by substantial evidence.  In the case at bar, the Commissioner's determination is supported by substantial evidence.

Plaintiff has failed to persuade this Court that the ALJ erred in the decision, or that he was harmed by any errors.  Plaintiff has not shown that the ALJ made any material and prejudicial error and has made no demonstration of prejudice as required by Shinseki.  This Court finds that the Commissioner's decision is supported by substantial evidence and is affirmed.

  s/ Stanley R. Chesler
STANLEY R. CHESLER, U.S.D.J.

Dated: February 26, 2026